

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable James E. Kilday
Director, Motor Transportation Division
Railroad Commission of Texas
Austin, Texas

Dear Sir:

> Opinion No. O-1179
> Re: Whether under the facts
> set forth the Railroad
> Commission is authorized
> to issue to All American
> Bus Lines, Inc. a certifi-
> cate of convenience and
> necessity without further
> notice or hearing.

In your letter of October 13, 1939, you advised us of the following facts: All American Bus Lines, Inc., operating a transcontinental bus service between New York City and San Francisco, California, wholly interstate, on September 26, 1938, filed an application with the Railroad Commission of Texas for a certificate of convenience and necessity to operate as a purely interstate carrier over U. S. Highways Nos. 80 and 80-A, entering Texas at the point where U. S. Highway No. 77 intersects Red River about five miles North of the City of Gainesville, thence south to Dallas and from that point west through El Paso to the Texas-New Mexico State Line. The applicant was authorized to operate interstate by the interstate commerce commission. After hearings had been had, the Railroad Commission entered an order in February, 1938, denying the application, in which order it was found "that a portion of the highways over which this applicant desires to operate are not of such type of construction and in such state of repair and maintenance as will permit of the placing thereon of the additional

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

traffic sought by this applicant without unnecessarily interfering with the use of the said highways by the general public using the same for ordinary highway purposes." All American Bus Lines, Inc.,thereupon filed suit No. 574, in Equity, in the District Court of the United States for the Western District of Texas at Austin against the Railroad Commission of Texas seeking a permanent injunction against interference with its operations over the route described in the aforesaid application for a certificate. This injunction was sought upon four grounds, to-wit: 1. In substance it was urged that when Congress enacted the Motor Carrier Act in 1935 regulating interstate motor carriers for hire and placing the same under the jurisdiction of the interstate commerce commission, it had occupied the whole field and that the Railroad Commission of Texas no longer had any jurisdiction concerning interstate carriers. 2. That an examiner for the Railroad Commission had heard the application filed by All American Bus Lines, Inc., and that the testimony had not been transcribed and submitted to the Railroad Commission prior to the denial of the certificate. 3. That the findings of fact contained in such order of denial were insufficient to support such order. 4. That the findings of the Commission contained in the order denying such application to the effect that the highways would not support the additional traffic burden and that the imposition of the additional traffic burden would cause an unreasonable interference in the use of such highways by the ordinary travelling public were arbitrary and unreasonable and that as a matter of fact the highways would support such traffic burden and that there would be no unreasonable interference in the use of the highways by the ordinary travelling public.

The case was tried on its merits and among other things, the court found as follows: 1. That although notified of the hearing the Highway Commission of Texas had never entered any appearance upon the application for the certificate, and the Highway Commission did not protest or oppose the granting of the certificate as applied for. 2. That the record of the proceedings before the Railroad Commission had not been transcribed or made available to the Railroad Commission prior or subsequent to the date of the order denying the application and that the members of the Commission had never reviewed or seen a transcript of the record. 3. That All American Bus Lines, Inc., had secured and filed with the Railroad Commission proper insurance policies and had

Hon. James E. Kilday, Page 3

offered to pay the license fees provided by the Texas Motor Bus Law and had offered to purchase and pay for identification plates as provided by such law. 4. That the operation of the applicant's buses would not to any appreciable extent damage the highways and that such operation would not unreasonably interfere with the use of such highways by the general public using the same for ordinary highway purposes. That it was conceded by the parties to said action that the permit was not denied by the Railroad Commission on the ground of traffic congestion.

The court filed conclusions of law including the following: 1. That the Federal Motor Carrier Act had entirely superseded the Texas Motor Bus Carrier Act insofar as the latter gave to the Railroad Commission of Texas power to forbid the traversing of the State of Texas over said highways by motor buses engaged exclusively in the transportation of passengers interstate. 2. That the order denying plaintiff's application for a certificate was void for the following reasons: (a) That the Railroad Commission did not make and file adequate findings of fact. (b). That the hearing was conducted by an agent of the Commission in the absence of the Commissioners and the Commission entered the order denying the application without having seen or considered a transcript of the record. (c) That the action of the Railroad Commission in denying the permit was arbitrary and void because contrary to the facts as a matter of law. The proof leaves no room for reasonably concluding that the highways in question will be appreciably affected to the public prejudice by the operation of plaintiff's buses one each way daily.

The court thereupon in March, 1936, entered a judgment perpetually enjoining the Railroad Commission from interfering with the applicant All American Bus Lines, Inc., in the operation of one bus each way daily over the route in question, the judgment providing that such injunction should prevent any such interference on the part of the Railroad Commission if taken on account of the operation of such buses without a permit or certificate from the Railroad Commission of Texas or without having displayed and firmly fixed upon the front thereof an identification plate described in Section 4 of H. B. 155 of the 41st Leg. of Texas, 1st Called Session.

You request our opinion in response to the following questions:

Hon. James E. Kilday, Page 4

"1. Is the Railroad Commis-ion, considering the findings of fact by the Court in the case of All American Bus Lines, Inc. v. E. O. Thompson, et al, No.574, in Equity, in the District Court of the United States for the Western District of Texas, Austin Division, authorized to adopt such findings of fact made by the Court and to issue to All American Bus Lines, Inc. an interstate certificate of convenience and necessity without further notice and hearing and without further proceedings?

"2. Should the Railroad Commission, before issuing such certificate to All American Bus Lines, Inc., require All American Bus Lines, Inc., to file another application for an interstate certificate of convenience and necessity, set same for hearing, give notice thereof to interested parties and conduct a hearing thereon, or should the Railroad Commission consider the judgment in the All American Bus Lines, Inc., vs. E. O. Thompson, et al, as res adjudicata of such issues on highway conditions and adopt the findings of the Court in its final judgment as its findings and proceed to issue such interstate certificate of convenience and necessity to All American Bus Lines, Inc., without further notice and hearing, considering its issuance to be a continuation of the proceeding originated when the All American Bus Lines filed its application on September 28, 1935, and basing such certificate on such application?

"3. If it is determined that the Railroad Commission should require All American Bus Lines, Inc. to file another application, set same for hearing, issue notice to interested parties, etc., what would be the proper issues to be determined by the Commission in such proceeding?"

Subsequent to the trial of the above cause, in the case of Thompson vs. McDonald, 95 Fed. (2d) 937, certiorari denied, it was held that the Motor Carrier Act of 1935 passed by the 74th Congress had not superseded Article 911b, Vernon's Civil Statutes, being the Texas Common Carrier Motor Carrier Law, in so far as the power

Hon. James E. Kilday, Page 5

of the Railroad Commission of Texas to investigate and pass upon the sufficiency of the particular highway to stend the added traffic burden was concerned. The same would of course be true as to the Motor Bus Carrier Act of Texas which is Article 911a, Vernon's Civil Statutes. The Austin and Waco Courts of Civil Appeals have followed the holding of the McDonald case in a number of cases, in some of which writs of error were denied. It is apparent therefore that as developed by subsequent holdings of appellate courts the conclusion of the Federal District Court in said cause No.574 that the Federal Act had entirely superseded the Texas Act was in part erroneous. While it may be that inadequacy of the findings of fact by the Railroad Commission and the failure of the Commission to inspect or consider a transcript of the record in the proceeding was sufficient ground for setting aside the order of the Commission denying the certificate to All American Bus Lines, Inc., it is questionable that such matters would have constituted a legal ground for the Federal District Court to enter a permanent injunction against interference with the operations of All American Bus Lines, Inc. or do more than simply set aside the order of the Commission. However, it must be borne in mind that this judgment was not appealed from and became final, and we are not now concerned with mere questions as to whether the District Court committed error in the entry of such judgment unless such error was such as to render the judgment wholly void and subject to collateral attack. Furthermore, it must be kept in mind that the above were only a part of the conclusions upon which the judgment was founded.

Whether a judgment of a court of record is void or voidable must be determined from an inspection of the record. If the record in a particular case discloses that the court rendering judgment therein was without jurisdiction, the same is void and open to attack in a collateral proceeding; if it does not, the judgment is merely voidable and can be attacked only in a direct proceeding. Gehret v. Hetkes, 36 S. W. 700 by the Commission of Appeals; Ringgold v. Graham, 13 S. W. (2d) 355 by the Commission of Appeals. Furthermore, in order for a judgment to be subject to collateral attack, the record must affirmatively show that its jurisdiction did not attach in the particular case. State Mortgage Corporation v. Ludwig, 48 S. W. (2d)

Hon. James K. Kilday, Page 6

950, by the Supreme Court.

Among the grounds urged by the complainant in said cause No.574 was that the findings of fact contained in the order of denial were insufficient to support such order and that in particular the findings to the effect that the highways would not support the additional traffic burden and that the imposition of the additional traffic burden would cause an unreasonable interference in the use of such highways by the ordinary travelling public were arbitrary, unjust and unreasonable and that as a matter of fact the highways would support such added traffic burden and that there would be no unreasonable interference in the use of the highways by the ordinary travelling public. The Federal District Court in the trial of the case sustained that contention and made findings substantially to that effect.

We take the following language from the opinion of Chief Justice McClendon in the case of North Texas Coach Company vs. Morten, 92 S. W. (2d) 263:

"An order denying a permit may be arbitrary for a variety of reasons, which do not affect the inherent right to the permit. Manifestly where an order is set aside upon a ground of this character, the application is reopened before the commission, to be heard and determined upon its merits. Railroad Commission v. Rapid Transit Co. (Tex. Civ. App.), 92 S. W. (2d) 261. Where, however, the adjudication is upon the merits of the application, and the order denying the permit is set aside upon the ground that the applicant was entitled to the permit as a matter of law, nothing is left for the commission to pass upon, and the duty of the granting the permit devolves upon the commission."

As already indicated, we are not concerned with the questions as to whether the court merely committed error in arriving at and entering the judgment. It may be that if the evidence adduced before the Railroad Commission was such as to prove that the highways in question would not be damaged by the additional traffic and that the use of such highways by the general public would not be interferred with so conclusively that reasonable minds

Hon. James E. Kilday, Page 7

could not differ therefrom that the judgment was a correct one and would not have been reversed on appeal. We find it unnecessary however to determine that question. The State was a party to the action, no appeal was taken from the court's judgment, and it has never been set aside or attacked in a direct proceeding. The Court had jurisdiction and the judgment was not void and subject to collateral attack, and the State is bound by it. From the above it is apparent that upon the application which is still pending, the Railroad Commission cannot enter an order denying a certificate of convenience and necessity and stop the operations of All American Bus Lines, Inc., whether with or without notice or hearing. The above judgment is res adjudicata of the right of All American Bus Lines, Inc., to receive the certificate under the pending application. The applicant is entitled to its certificate without filing any other application and without any further notices or hearings. To avoid questions in the future as to the status of All American Bus Lines, Inc., it is suggested that upon issuing the certificate the Railroad Commission obtain from All American Bus Lines, Inc., a written acceptance of the same.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Glenn R. Lewis

Glenn R. Lewis
Assistant

GRL:bt

APPROVED DEC 5, 1939

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN